IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| WARREN C. MCNEILL III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LORETTA E. LYNCH, in her Official )<br>Capacity as United States Attorney )<br>General, and ROY COOPER, in his )<br>Official Capacity as Attorney General of )<br>North Carolina, )<br>)<br>Defendants. ) | **VERIFIED COMPLAINT** |

Plaintiff, Warren C. McNeill III, by and through undersigned counsel, for his Complaint against the Defendants, alleges as follows:

## INTRODUCTION

1. Mr. McNeill brings this action because Defendants unlawfully denied approval of a background check that would have allowed Mr. McNeill's purchase of a firearm. Defendants then contended that Mr. McNeill is prohibited under North Carolina law from possessing a firearm. Mr. McNeill was convicted of a felony in this Court in 1977, but the State of North Carolina restored his civil rights in 1980, and in 1984, the federal government granted Mr. McNeill's application for relief from federal firearms and explosives disabilities.

2. Nonetheless, the U.S. Department of Justice, Federal Bureau of Investigation National Instant Criminal Background Check System ("NICS") Section, based upon information provided by the Office of the Attorney General of North Carolina, concluded that Mr. McNeill

was prohibited under North Carolina law from obtaining or possessing a firearm due to his conviction.

3. Mr. McNeill brings this action pursuant to 18 U.S.C. § 925A, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983 for erroneous denial of a firearm, for declaratory and injunctive relief, and for deprivation of civil rights under color of law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202 and 42 U.S.C. § 1983.

5. This Court has personal jurisdiction over the Defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because, *inter alia*, the events and omissions giving rise to this action are harming Mr. McNeill in this District.

## PARTIES

7. Mr. McNeill is a citizen of North Carolina and a resident of Wake County, North Carolina.

8. Defendant Loretta E. Lynch is the United States Attorney General. In that capacity, Attorney General Lynch is the official charged with administering the NICS system. Attorney General Lynch is sued in her official capacity.

9. Defendant Roy Cooper is the Attorney General of the State of North Carolina, and, in his official capacity, the Attorney General provides information to NICS regarding North Carolina firearms laws. He is sued in his official capacity.

## FACTS

10. Mr. McNeill was convicted in the United States District Court for the Eastern District of North Carolina on March 7, 1977 for a nonviolent drug felony (first time offender) arising from a 1976 arrest.

11. On August 15, 1977 Mr. McNeill was released from custody and was placed on probation.

12. On February 1, 1980 Mr. McNeill completed his probation and was discharged six months early from supervision of the United States District Court for the Eastern District of North Carolina.

13. On December 19, 1980, Wake County Superior Court Judge Ed Preston ordered that all Mr. McNeill's "rights, privileges, and immunities of citizenship be and are hereby restored" pursuant to N.C. Gen. Stat. § 13-1.

14. A true and accurate copy of the court order restoring Mr. McNeill's civil rights is attached hereto as Exhibit A.

15. On December 12, 1984 the Bureau of Alcohol, Tobacco and Firearms ("ATF") granted Mr. McNeill's application for relief from federal firearms and explosives disabilities pursuant to 18 U.S.C. §§ 925(c) and 845(b).

16. A true and accurate copy of the ATF's letter granting Mr. McNeill's application for relief is attached hereto as Exhibit B.

17. Mr. McNeill has no convictions that would disqualify him from possessing a firearm and he has no other disqualifying factors.

18. Mr. McNeill held a federal firearms license ("FFL"), issued by the ATF, for approximately eight years during the late 1980's and early 1990's.

19. Upon information and belief, during the time period that Mr. McNeill applied for his FFL, the ATF conducted background checks of potential licensees, including a check for federal felony convictions.

20. In or around March 2015, Mr. McNeill applied for and received a Permit to Purchase Handgun (Permit No. CTBYJAVFA-1) from the Wake County Sheriff's Office that is valid through April 1, 2020.

21. Mr. McNeill's handgun purchase permit states, "I, Donnie Harrison, Sheriff of Wake, do hereby certify that I have conducted a criminal background check of the applicant: whose place of residence is in Wake, North Carolina, and have received no information to indicate that it would be a violation of State or Federal law for the applicant to purchase, transfer, receive, or possess a handgun."

22. A true and accurate copy of Mr. McNeill's handgun purchase permit is attached hereto as Exhibit C.

23. Also in 2015, Mr. McNeill applied for a North Carolina concealed handgun permit.

24. At the time that Mr. McNeill applied for his concealed handgun permit, a convicted felon who had not had his civil rights restored was prohibited from possession of a firearm or from being issued a concealed handgun permit.

25. Mr. McNeill's concealed handgun permit was issued in May, 2015, and he currently holds a valid North Carolina concealed handgun permit issued by the Wake County Sheriff's Office.

26. A true and accurate copy of Mr. McNeill's concealed handgun permit is attached hereto as Exhibit D.

27. In or around May, 2016, Mr. McNeill tried to purchase a firearm from a federally-licensed firearms dealer. The dealer requested that Mr. McNeill complete an ATF Form 4473, which provides information that allows NICS to conduct a background check. Mr. McNeill completed the Form 4473, the dealer contacted NICS, and NICS stated that Mr. McNeill could not purchase the firearm. The dealer therefore would not sell the firearm to Mr. McNeill.

28. Mr. McNeill immediately filed an appeal of NICS' decision to deny him a firearm by following instructions for appeal provided by NICS.

29. On June 29, 2016, NICS sent a letter to Mr. McNeill in response to his appeal. The letter contends that Mr. McNeill is a "prohibited person," who may not possess a firearm under North Carolina law.

30. A true and accurate copy of the NICS letter is attached hereto as Exhibit E.

31. On August 3, 2016, Mr. McNeill's counsel sent a letter to NICS explaining that Mr. McNeill is not a "prohibited person". The letter requested NICS correct its error in denying Mr. McNeill's right to purchase a firearm and stated that otherwise Mr. McNeill would be forced to pursue all remedies available, including a lawsuit.

32. A true and accurate copy of Mr. McNeill's counsel's letter is attached hereto as Exhibit F.

33. In late August, 2016, Mr. McNeill's counsel corresponded with the legal section at NICS regarding Mr. McNeill's appeal. NICS personnel stated that, based upon information provided to NICS by the North Carolina Attorney General's Office, Mr. McNeill would have to apply for restoration of his firearms rights pursuant to N.C. Gen. Stat. § 14-415.4 and that until he received such restoration he would be prohibited from possessing any firearm under North Carolina law.

34. This legal position, as stated by NICS based upon information provided by the North Carolina Attorney General's Office, means that the federal and state governments consider Mr. McNeill a "prohibited person", who may not possess a firearm at any time for any purpose.

35. Mr. McNeill is an avid hunter and enjoys exercising his constitutional right to keep and bear arms. Most importantly, Mr. McNeill desires to exercise his constitutional right to keep and bear arms so that he may defend himself and his family.

36. Defendants' actions prohibit entirely Mr. McNeill from keeping and bearing arms because Mr. McNeill fears arrest, prosecution, and conviction of a crime.

37. As a result of NICS informing Mr. McNeill that he is supposedly prohibited from possessing firearms, Mr. McNeill has transferred all his firearms out of his possession. Presently, Mr. McNeill may not hunt or target shoot and he may not use a firearm to defend himself or his family.

## FIRST CAUSE OF ACTION
### (Erroneous Denial of a Firearm under 18 U.S.C. § 925A)

38. Paragraphs 1 through 37 are realleged and incorporated herein by reference.

39. A person who has been erroneously denied a firearm as a result of NICS rejecting a background check is entitled to bring suit under 18 U.S.C. § 925A for an order directing that the erroneous information be corrected or that the transfer be approved.

40. Mr. McNeill brings this cause of action to obtain an order directing that the erroneous information be corrected.

41. The North Carolina Attorney General's Office has provided erroneous information in the form of an incorrect statement that Mr. McNeill is prohibited under North Carolina law from possessing a firearm and must apply for restoration of his firearms rights

under N.C. Gen. Stat. § 14-415.4. NICS has acted on this information by rejecting Mr. McNeill's background check.

42. Mr. McNeill is entitled to an order from this Court directing that the erroneous information be corrected.

43. Mr. McNeill is further entitled to recovery of his attorney fees under 18 U.S.C. § 925A for bringing this action.

## SECOND CAUSE OF ACTION
(Individualized, As-Applied Claim Regarding Mr. McNeill's Right to Keep and Bear Arms under the Second Amendment)

44. Paragraphs 1 through 43 are realleged and incorporated herein by reference.

45. Mr. McNeill is a responsible, law-abiding American citizen. He has no history of violent behavior or other conduct that would suggest he would pose any more danger of possessing firearms than an average, law-abiding responsible citizen. Mr. McNeill is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

46. Mr. McNeill's unique personal circumstances make it unconstitutional to apply to Mr. McNeill, personally, any firearms prohibition based upon his prior conviction. These unique personal circumstances include, but are not limited to, the nature of Mr. McNeill's conviction; the passage of time since his conviction; the fact that Mr. McNeill's civil rights have been restored; the fact that the ATF granted Mr. McNeill's application for relief from firearms disabilities; the ATF's issuance of a Federal Firearms License to Mr. McNeill; the Wake County Sheriff's issuance of a pistol purchase permit and concealed handgun permit to Mr. McNeill; Mr. McNeill's law-abiding record over the years; and Mr. McNeill's proven trustworthiness with firearms and the lack of danger that his possession of firearms would pose.

47. Mr. McNeill is entitled to a declaration that disqualifying him from owning, possessing, or obtaining firearms based on his prior conviction violates the Second Amendment to the United States Constitution.

48. Mr. McNeill is further entitled to recovery of his attorney fees for bringing this action.

## THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1983)

49. Paragraphs 1 through 48 are realleged and incorporated herein by reference.

50. The information provided by the North Carolina Attorney General's Office, that Mr. McNeill is prohibited under North Carolina law from possessing a firearm and must apply for restoration of his firearms rights under N.C. Gen. Stat. § 14-415.4, is erroneous.

51. The results of the North Carolina Attorney General's Office conduct are that NICS denied Mr. McNeill his right to obtain a firearm, that the federal and state governments now contend that Mr. McNeill is a "prohibited person" notwithstanding his rights having been previously restored, and that Mr. McNeill fears arrest, prosecution, and conviction for a crime that is impossible for him to commit.

52. The actions by the North Carolina Attorney General's Office violate Mr. McNeill's individual right to possess firearms for self-defense as secured by the Second Amendment to the United States Constitution.

53. The North Carolina Attorney General's Office has deprived and will continue to deprive Mr. McNeill of his Constitutional right to keep and bear arms.

54. Mr. McNeill is entitled to injunctive relief that requires the North Carolina Attorney General's Office to recognize Mr. McNeill's prior restoration of his civil rights and to

withdraw any contention that Mr. McNeill is prohibited under North Carolina law from possessing a firearm and that he must apply for restoration of his firearms rights under N.C. Gen. Stat. § 14-415.4.

55. Mr. McNeill is further entitled to recovery of his attorney fees for bringing this action.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment Act)

56. Paragraphs 1 through 55 are realleged and incorporated herein by reference.

57. A controversy exists as to whether Mr. McNeill is prohibited under North Carolina law from possessing a firearm and must apply for restoration of his firearms rights under N.C. Gen. Stat. § 14-415.4.

58. A declaration from this Court would settle this issue.

59. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

60. Mr. McNeill seeks a declaration that he is not prohibited under North Carolina law—and by extension not prohibited under federal law—from possessing a firearm and that he need do nothing further regarding restoration of his rights to possess firearms.

## REQUEST FOR INJUNCTIVE RELIEF

61. In the absence of an injunction, Mr. McNeill will continue to be denied his right to purchase and possess firearms, even though he is entitled under the law to do so. Mr. McNeill will therefore suffer irreparable injury if the Court does not issue an injunction.

62. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Mr. McNeill to purchase and possess firearms.

WHEREFORE, Plaintiff Warren C. McNeill III prays that this Honorable Court:

1. Issue an order directing that the erroneous information provided by the North Carolina Attorney General's Office and relied upon by NICS be corrected.

2. Issue injunctive relief that requires the North Carolina Attorney General's Office to recognize Mr. McNeill's prior restoration of his civil rights and to withdraw any contention that Mr. McNeill is prohibited under North Carolina law from possessing a firearm and that he must apply for restoration of his firearms rights under N.C. Gen. Stat. § 14-415.4.

3. Enter a declaratory judgment that disqualifying Mr. McNeill from owning, possessing, or obtaining firearms based on his prior conviction violates the Second Amendment to the United States Constitution.

4. Enter a declaratory judgment that Mr. McNeill is not prohibited under North Carolina law—and by extension not prohibited under federal law—from possessing a firearm and that he need do nothing further regarding restoration of his rights to possess firearms.

5. Award Mr. McNeill's attorney fees and costs against the State of North Carolina pursuant to 18 U.S.C. § 925A, 42 U.S.C. § 1988, and other applicable law.

6. Award Mr. McNeill's attorney fees and costs against the United States pursuant to 18 U.S.C. § 925A, 28 U.S.C. § 2412, and other applicable law.

7. Grant such other and further relief, in law and equity, as the Court deems just and proper.

- 10 -

Case 5:16-cv-00832-BO   Document 1   Filed 10/03/16   Page 10 of 12

This the 3rd day of October, 2016.

WILLIAMS MULLEN

BY: /s/Camden R. Webb
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1000
Raleigh, NC 27602
Telephone (919) 981-4000
Facsimile (919) 981-4300


TARLTON POLK, PLLC

BY: /s/Raymond C. Tarlton
Raymond C. Tarlton
N.C. State Bar No. 38784
rtarlton@tarltonpolk.com
Wells Fargo Capitol Center
150 Fayetteville Street, Suite 930
PO Box 1386
Raleigh, NC 27601
(919) 948-6464 phone
(919) 400-4200 fax

*Attorneys for Plaintiff Warren C. McNeill III*

STATE OF NORTH CAROLINA

**VERIFICATION**

COUNTY OF WAKE

COMES NOW Warren C. McNeill, being first duly sworn, and deposes and says that he has read the foregoing Verified Complaint and knows the contents thereof; that the same are true of his own knowledge, except as to those matters and things therein alleged on information and belief, and as to those matters and things, if any, he believes them to be true.

This, the 3 day of October, 2016.

_____
Warren C. McNeill

Sworn to and subscribed before me this, the 3RD day of October, 2016.

_____
Notary Public
Printed Name: Dee G. Leslie

My Commission expires:

2-4-2020
(Notarial stamp or seal)



- 12 -