IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-832-BO

| | | |
|---|---|---|
| WARREN C. MCNEILL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LORETTA E. LYNCH, in her Official | ) | |
| Capacity as United States Attorney | ) | |
| General, and ROY COOPER, in his | ) | |
| Official Capacity as Attorney General of | ) | |
| North Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for preliminary injunction. [DE 22]. The matters have been fully briefed and are ripe for disposition. A hearing was held before the undersigned on January 24, 2017 in Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

In 1977, plaintiff was convicted for a nonviolent drug felony in the Eastern District of North Carolina. In 1980, after being released from custody and completing his probation, a North Carolina state judge ordered that all of plaintiff's "rights, privileges, and immunities of citizenship be [. . .] restored" pursuant to N.C. Gen. Stat. § 13-1. In 1984, the Bureau of Alcohol, Tobacco and Firearms ("ATF") granted plaintiff's application for relief from federal firearms and explosives disabilities pursuant to 18 U.S.C. §§ 925(c) and 845(b).

In 1995, the North Carolina General Assembly amended the Felony Firearms Act, N.C. Gen. Stat. § 14-415.1, to prohibit possession of certain firearms by all persons convicted of a felony. Act of July 26, 1995, ch. 487, sec. 3, 1995 N.C. Sess. Laws 1417-18. The statute

provided that, "it shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any handgun" and that prior convictions resulting in disentitlement include, "[v]iolations of criminal laws of other states or of the United States that occur before, on, or after December 1, 1995, and that are substantially similar to . . . [felonies in North Carolina] which are punishable where committed by imprisonment for a term exceeding one year" Ch. 487, sec. 3, 1995 N.C. Sess. Laws 1417-18. An exclusion existed under this version of the law for felons to possess firearms within their own home. In 2004, the legislature again modified N.C. Gen. Stat. § 14-415.1 to expand the disentitlement to cover all firearms and also remove the exclusion for home possession. 2004 N.C. Sess. Laws, ch. 186, sec. 14.1.

Around May of 2016, plaintiff attempted to purchase a firearm from a federally licensed firearms dealer. After a background check through the Federal Bureau of Investigation's National Instant Criminal Background Check System ("NICS") showed that plaintiff was disentitled to possession under North Carolina Felony Firearms Act, plaintiff's purchase was denied. Plaintiff immediately filed an appeal of the NICS' decision which was denied by letter which stated that plaintiff is a "prohibited person," who may not possess a firearm under North Carolina law.

On October 3, 2016, plaintiff filed a complaint alleging claims against North Carolina Attorney General, Roy Cooper ("defendant Cooper") and United States Attorney General, Loretta Lynch ("defendant Lynch"), under 18 U.S.C. § 925A, the Second Amendment of the United States Constitution, 42 U.S.C. § 1983, and the Declaratory Judgment Act. [DE 1]. Plaintiff argues the Felony Firearms Act does not apply to him because ATF relieved plaintiff from his firearms disabilities under federal law. *Id.* Plaintiff also argues that, under the Felony

Firearms Act, all plaintiff must do is show that his rights could be restored under North Carolina law, but that he need not actually go through the state restoration process. *Id.* Plaintiff seeks declaratory relief, injunctive relief, and attorneys' fees. *Id.* at 9–10.

Defendants Cooper and Lynch each filed motions to dismiss plaintiff's complaint. [DE 14, 17]. Plaintiff filed corresponding responses, [DE 20, 21], to which defendants replied, [DE 26, 27]. On December 12, 2016, plaintiff filed a motion for preliminary injunction, [DE 22], to which defendant Cooper responded, [DE 28]. Plaintiff, in his preliminary injunction motion, seeks an order directing the North Carolina Attorney General to "correct the erroneous information provided to NICS." [DE 22 at 2].

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009).

The ordinary use of a preliminary injunction is for the purpose of maintaining the status quo until the matter before the Court can be resolved. *Meiselman v. Paramount Film Distributing Corp.*, 180 F.2d 94, 97 (4th Cir. 1950). "Mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F. 2d 283, 286 (4th Cir. 1980). For that reason, the burden for one seeking a mandatory injunction is higher. *Id.*; *see also In re*

3

*Microsoft Corp. Antitrust Litig.*, 333 F. 3d 517, 525 (4th Cir. 2003). Here, because the relief plaintiff seeks in his preliminary injunction is that which would be granted should he prevail in this lawsuit, plaintiff's motion is properly viewed as one seeking a mandatory injunction. Therefore, plaintiff's motion can be granted only if it meets the stringent burden discussed above.

Plaintiff has failed to meet his burden to show that a preliminary injunction is merited in this matter. First, plaintiff has not demonstrated a likelihood of success on the merits because it is likely that the matter is not yet ripe for disposition. A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties. *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002). Here, North Carolina's Felony Firearm Act authorizes the restoration of firearms rights to felons disenfranchised "after a hearing in court if the court determines that the petitioner meets the criteria set out in this section and is not otherwise disqualified to have that right restored." N.C. Gen. Stat. § 14-415.4(c). The issue plaintiff seeks to have adjudicated, his right to possess a firearm, is not final because plaintiff has declined to avail himself of this state process that, if successful, will grant him the relief he seeks. Therefore, because this uncertainty likely means that the matter is not ripe, plaintiff has failed to demonstrate a likelihood of success on the merits.

Plaintiff has also failed to demonstrate that he is likely to suffer irreparable harm absent the granting of injunctive relief. The Supreme Court has recognized that felons do not share the same entitlement to Second Amendment rights as law abiding citizens, *see District of Columbia v. Heller*, 554 U.S. 570, 627 (2008), which is contrary to plaintiff's argument that he suffers an irreparable harm as a result of his current disenfranchisement. Additionally, plaintiff has

4

represented that he is not currently in possession of any firearms, [DE 6 at ¶ 37], and therefore plaintiff is not in any immediate danger of criminal prosecution under North Carolina law.

Finally, plaintiff has failed to show that the balance of equities tips in his favor or that an injunction is in the public interest. This is primarily because plaintiff has not shown exceptional need to deviate from the status quo at this time, and nor has he shown that there is a public interest in upsetting North Carolina's statutory scheme for reinstating firearms rights or the state's need to regulate the ownership of firearms in the manner it has adopted that necessitates this Court's action at this time.

For these reasons, plaintiff has failed to show that a preliminary injunction at this time is merited, and plaintiff's motion will be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for preliminary injunction [DE 22] is DENIED.


SO ORDERED, this 23 day of May, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE