IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-832-BO

| | |
|---|---|
| WARREN C. MCNEILL, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LORETTA E. LYNCH, in her Official )<br>Capacity as United States Attorney )<br>General, and ROY COOPER, in his )<br>Official Capacity as Attorney General of )<br>North Carolina, )<br>)<br>Defendants. ) | ORDER |

This cause comes before the Court on defendants' motions to dismiss. [DE 14, 17]. The matters have been fully briefed and a hearing was held before the undersigned on January 24, 2017 in Raleigh, North Carolina. For the reasons discussed below, defendants' motions are granted and plaintiff's complaint is dismissed.

## BACKGROUND

In 1977, plaintiff was convicted for a nonviolent drug felony in the Eastern District of North Carolina. In 1980, after being released from custody and completing his probation, a North Carolina state judge ordered that all of plaintiff's "rights, privileges, and immunities of citizenship be [. . .] restored" pursuant to N.C. Gen. Stat. § 13-1. In 1984, the Bureau of Alcohol, Tobacco and Firearms ("ATF") granted plaintiff's application for relief from federal firearms and explosives disabilities pursuant to 18 U.S.C. §§ 925(c) and 845(b).

In 1995, the North Carolina General Assembly amended the Felony Firearms Act, N.C. Gen. Stat. § 14-415.1, to prohibit possession of certain firearms by all persons convicted of a felony. Act of July 26, 1995, ch. 487, sec. 3, 1995 N.C. Sess. Laws 1417-18. The statute

provided that, "it shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any handgun" and that prior convictions resulting in disentitlement include "[v]iolations of criminal laws of other states or of the United States that occur before, on, or after December 1, 1995, and that are substantially similar to . . . [felonies in North Carolina] which are punishable where committed by imprisonment for a term exceeding one year" Ch. 487, sec. 3, 1995 N.C. Sess. Laws 1417-18. An exclusion existed under this version of the law for felons to possess firearms within their own home. In 2004, the legislature again modified N.C. Gen. Stat. § 14-415.1 to expand the disentitlement to cover all firearms and also remove the exclusion for home possession. 2004 N.C. Sess. Laws, ch. 186, sec. 14.1.

Around May of 2016, plaintiff attempted to purchase a firearm from a federally licensed firearms dealer. After a background check through the Federal Bureau of Investigation's National Instant Criminal Background Check System ("NICS") showed that plaintiff was disentitled to possession under North Carolina Felony Firearms Act, plaintiff's purchase was denied. Plaintiff immediately filed an appeal of the NICS' decision which was denied by letter which stated that plaintiff is a "prohibited person," who may not possess a firearm under North Carolina law.

On October 3, 2016, plaintiff filed his complaint in the matter alleging claims against North Carolina Attorney General, Roy Cooper ("defendant Cooper") and United States Attorney General, Loretta Lynch ("defendant Lynch"), under 18 U.S.C. § 925A, the Second Amendment of the United States Constitution, 42 U.S.C. § 1983, and the Declaratory Judgment Act. [DE 1]. Plaintiff argues the Felony Firearms Act does not apply to him because ATF relieved plaintiff from his firearms disabilities under federal law. *Id.* Plaintiff also argues that, under the Felony

2

Firearms Act, all plaintiff must do is show that his rights could be restored under North Carolina law, but that he need not actually go through the state restoration process. *Id.* Plaintiff seeks declaratory relief, injunctive relief, and attorneys' fees. *Id.* at 9–10.

Defendants Cooper and Lynch each filed motions to dismiss plaintiff's complaint. [DE 14, 17]. Plaintiff filed corresponding responses, [DE 20, 21], to which defendants replied, [DE 26, 27]. Defendants argue first that the case should be dismissed as not ripe because there is a state process by which felons can petition to have gun rights restored. The issue here is therefore not final, because plaintiff has not pursued a state process which, if successful, could grant him the relief sought. Defendants next argue that plaintiff cannot state a claim under § 925A because he is not entitled to possess a firearm in North Carolina as a matter of law. Defendants argue that the Felony Firearms Act clearly establishes that plaintiff is a person prohibited from possessing a firearm in North Carolina based upon his federal conviction, and, therefore, there is no mistaken information in NICS database to correct.

Defendants also argue that plaintiff has no claim under § 1983 because the Supreme Court has recognized that the right to bear arms can be clearly be regulated in certain circumstances, such as by prohibitions on the possession of firearms by convicted felons. There is no provision or interpretation of federal law providing that a convicted felon has an absolute right to possess a firearm. Additionally, the North Carolina General Assembly has provided statutory relief for some felons through a petition mechanism in state court for the restoration of their firearm rights, and there can be no as-applied Second Amendment violation where plaintiff failed to avail himself of the state's relief-from-disabilities statute to restore his right.

Finally, defendants argue that the Court should abstain from hearing this case because federal courts should not adjudicate the constitutionality of state enactments fairly open to

3

interpretation until the state courts have been afforded a reasonable opportunity to pass upon them and, if this Court were to proceed with this case, the exercise of federal authority over the questions of state law would be disruptive of state efforts to establish a coherent policy with respect to a matter of public concern.

## DISCUSSION

Defendants brought their motions to dismiss under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The Court will first consider defendants' arguments that this controversy is not ripe for adjudication. "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in 'clean-cut and concrete form.'" *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (*quoting Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947)). The burden of demonstrating that a claim is ripe falls on the party asserting the claim, *id.*, and in order to determine whether a claim is ripe a court must "balance the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (internal quotations and citations omitted). A claim that is ripe is not dependent on future uncertainties. *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992), as amended (Nov. 2, 1992).

North Carolina's Felony Firearm Act authorizes the restoration of firearms rights to disenfranchised felons "after a hearing in court if the court determines that the petitioner meets the criteria set out in this section and is not otherwise disqualified to have that right restored." N.C. Gen. Stat. § 14-415.4(c). Plaintiff asserts that North Carolina has improperly denied him his

right to possess firearms, which he argues he is entitled to under both state and federal law. However, plaintiff has not been denied the restoration of his right to a firearm under North Carolina law because he has not even made the request as required under N.C. Gen. Stat. § 14-415.4. The issue plaintiff seeks to have adjudicated, his right to possess a firearm, is not final because plaintiff has declined to avail himself of this state process that, if successful, will grant him the relief he seeks. "A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact 'remains wholly speculative.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (*quoting Gasner v. Bd. of Supervisors*, 103 F.3d 351, 361 (4th Cir. 1996)). As this matters stands at this time, the Court is unable to determine whether the state of North Carolina will definitively deny plaintiff permission to possess firearms and, if so, upon what basis it will do so. Plaintiff has not yet suffered the injury of being finally and fully denied the right to possess firearms under North Carolina law, and it remains wholly speculative as to what decision the state will make at a future time regarding plaintiff's possession rights. This factual and legal uncertainty weighs strongly against the fitness of this issue for judicial decision.

The fitness of this issue for decision must be balanced against the hardship to plaintiff from withholding court consideration at this time. *Franks*, 313 F.3d at 194. The Court finds that the hardship to plaintiff in this matter would be little, because he has an avenue available to him for potentially restoring his ownership rights and because he is not at risk at this time of any adverse action from the state. As discussed above, plaintiff has declined to avail himself of a state process under N.C. Gen. Stat. § 14-415.4 that, if successful, will grant him the relief he seeks. The availability of this established avenue for relief weighs strongly against this Court exercising federal jurisdiction to adjudicate this matter.

Moreover, plaintiff is not at this time at risk of criminal prosecution or adverse action from the state. Plaintiff argues that the holding in *Steffel v. Thompson*, 415 U.S. 452 (1974), makes this case ripe for consideration, but the Court does not agree. Here, and unlike in *Steffel*, plaintiff has not alleged that there have been threats made by police or any other official to prosecute him for possessing firearms as a felon. Rather, plaintiff has represented that he is not currently in possession of any firearms, [DE 6 at ¶ 37], and has not indicated that he intends to violate N.C. Gen. Stat. § 14-415.1(a) or expose himself to the risk of criminal prosecution at any time in the future. *See Golden v. Zwickler*, 394 U.S. 103, 109–10 (1969) (one must show a threat of prosecution that is both real and immediate for ripeness purposes); *see also Steffel*, 415 U.S. at 459 (threat of prosecution is only imminent if an operative statute exposes a plaintiff to criminal liability if he acts upon a present intent to exercise his rights). Because of plaintiff's failure to demonstrate imminent prosecution or any immediate danger of adverse action by the state, the Court finds that the hardship to plaintiff for withholding court decision is low and that the case is not ripe for adjudication.

For these reasons, because the issues are not settled due to factual and legal uncertainty as to plaintiff's right to possess firearms under North Carolina, because there is a state process available to plaintiff which may grant him the relief he seeks, and because the hardship to plaintiff from withholding consideration is low, the Court finds that this matter is not ripe for consideration. Accordingly, the Court will grant defendants' motions to dismiss and dismiss plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 14, 17] are GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this 23 day of May, 2017.

TERRENCE W. BOYLE  
UNITED STATES DISTRICT JUDGE